**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CARL GASTON, | : | |
| | | CASE NO. 1:11 CV 1287 |
| Petitioner, | : | |
| | | |
| v. | : | |
| | | MAGISTRATE'S REPORT AND |
| EDWARD SHELDON, WARDEN, | : | RECOMMENDATION |
| | | |
| | : | |
| Respondent. | | |

## I. Introduction

This case was filed pursuant to 28 U. S. C. § 2254 and automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES. Pending are Petitioner's Petition for Writ of Habeas Corpus, Respondent's Motion to Dismiss and Petitioner's Traverse (Docket Nos. 1, 6 & 9). For the reasons that follow, the Magistrate recommends that the Court grant the Motion to Dismiss.

## II. PROCEDURAL BACKGROUND.

During the January 2001 term, the Cuyahoga County grand jury returned a four-count indictment as to Petitioner:

**COUNT ONE:** Aggravated Robbery, a violation of OHIO REV. CODE § 2911.01(A)(1).

| | |
|---|---|
| **COUNT TWO:** | Kidnaping, a violation of OHIO REV. CODE § 2905.01. |
| **COUNT THREE:** | Theft, a violation of OHIO REV. CODE § 2913.02. |
| **COUNT FOUR**: | Failure to Comply with Order or signal of police officer, a violation of OHIO REV. CODE § 2921. 331. |

(Docket No. 6, Attachment 2, pp. 1-4 of 4).

On March 20, 2001, Petitioner withdrew his previous plea of not guilty, entered a guilty plea to the indictment and waived his rights under OHIO CRIM. R. 11 (Docket No. 6, Attachment 3, pp. 7-25 of 50).  On April 12, 2001, Judge Kathleen Ann Sutula sentenced Petitioner as follows:

| | |
|---|---|
| **COUNT ONE:** | The maximum sentence of ten years. |
| **COUNT TWO**: | The maximum sentence of ten years, to run consecutive to the ten-year sentence in count one. |
| **COUNT THREE:** | A term of eighteen months, to merge with the count one. |
| **COUNT FOUR:** | A term of five years, to run consecutive to counts one and two. |
| **TOTAL**: | 25 years. |

(Docket No. 6, Attachment 3, pp. 27, 43-44 of 50).

Petitioner filed a notice of appeal.  Four assignments of error were presented:

I.   The trial court committed plain error in not reviewing the statutory criteria for the charge of failure to comply before sentencing Petitioner.
II.  The trial court erred in not merging the failure to comply charge into the kidnaping charge.
III. The trial court committed plain error in finding the robbery count to be the worst form of offense.
IV.  The trial court's sentencing did not meet the statutory requirements for maximum sentences and consecutive sentences.

(Docket No. 6, Attachment 6, p. 2 of 9).

The court of appeals affirmed the conviction and sentencing on February 19, 2002 and found that:

I.   The trial court's decision to impose the maximum sentence of incarceration is supported by clear and convincing evidence and is not contrary to law.
II.  The record contains evidence of the existence of separate animus for the crimes of kidnaping and failure to comply sufficient to support the conviction and Petitioner failed to meet the burden of establishing that kidnaping and failure to comply with

2

           order or signal of officer are allied offenses.
- III. The trial court did not commit plain error when it made its determination that the requisite infliction or attempt to inflict serious physical harm on another was present.
- IV. The trial court provided numerous reasons for its decision to impose consecutive sentences and Petitioner was sufficiently informed of post-release control.

(Docket No. 6, Attachment 8, pp. 1-14 of 14).

Petitioner filed a motion for reconsideration in the court of appeals on March 19, 2002 (Docket No. 6, Attachment 9, p. 1-2 of 2). The court of appeals denied the motion for reconsideration on March 21, 2002 (Docket No. 6, Attachment 10).

Petitioner filed a motion for withdrawal of plea on September 13, 2002 (Docket No. 6, Attachment 14). On February 18, 2003, the trial court denied the motion for withdrawal of plea and granted the state's motion to dismiss Petitioner's motion for withdrawal of plea (Docket No. 6, Attachment 17). Petitioner appealed the denial on March 17, 2003 (Docket No. 6, Attachment 19). In the brief, Petitioner presented four assignments of error:

- I. The trial court abused its discretion in denying Petitioner's motion for withdrawal of guilty plea in order to correct manifest injustice pursuant to CRIM. R. 32.1 when the trial court erred in sentencing Petitioner to consecutive sentences without first determining whether the offenses were allied offenses of similar import pursuant to R. C. 2941.25, the Fifth Amendment of the United States Constitution and Article 1 Section 10 of the Ohio Constitution.
- II. The trial court abused its discretion in denying Petitioner's motion for withdrawal of guilty plea, when the trial court failed to substantially comply with mandates of CRIM. R. 11(C)(2)(a). Therefore Petitioner's plea was not entered knowingly and voluntary.
- III. The trial court abused its discretion in denying Petitioner's motion for withdrawal of guilty plea in order to correct manifest injustice pursuant to CRIM. R. 32.1 when Petitioner's plea is void in that the trial court was not in compliance with CRIM. R. 11(C).
- IV. The trial court abused its discretion in denying his motion for withdrawal of guilty plea in that the Petitioner's guilty plea was not entered voluntarily because it was induced by promises and threats and because it was not entered of his own free will. Violation of CRIM. R. 11(C)(2)(a).

(Docket No. 6, Attachment 20, p. 5 of 15).

3

The court of appeals affirmed the conviction on October 30, 2003 and determined:

I. This particular claim is subject to dismissal for lack of subject matter jurisdiction. Any relief available on this claim must be sought in a motion to reopen.
II. Petitioner must pursue this claim, if at all, in an application to reopen the appeal.
III. The trial judge properly informed Petitioner that he was subject to a mandatory five-year period of post-release control. Petitioner's claim that this period was within the parole board's discretion has no merit.
IV. The court affirmed the denial of the motion and required Petitioner to seek relief in an application to reopen his direct appeal.

(Docket No. 6, Attachments 22 & 23).

Petitioner filed a motion for delayed appeal on November 6, 2003. The Supreme Court of Ohio denied the motion for delayed appeal and dismissed the case on December 10, 2003 (Docket No. 6, Attachments 12 & 13).

Petitioner filed an application to reopen appeal on December 10, 2006 (Docket No. 6, Attachment 29). On December 11, 2006, Petitioner filed an "application for delay reopening of appeal" (Docket No. 6, Attachment 30). On January 17, 2007, the court of appeals denied the application for reopening (Docket No. 6, Attachment 32). Petitioner filed both a notice of appeal and a motion for delayed appeal in the Supreme Court of Ohio on August 14, 2007 (Docket Nos. 6, Attachments 25 & 26). The appeal and motion for delayed appeal were denied and the cause dismissed on September 26, 2007 (Docket No. 6, Attachments 24 & 27).

Petitioner filed a delayed post conviction relief petition on July 31, 2008 (Docket No. 6-33). On August 14, 2008, the State of Ohio filed a motion for summary judgment (Docket No. 6, Attachment 34). On October 1, 2008, the court based upon its proposed findings of fact and conclusions of law, denied Petitioner's motion for delayed post conviction relief and petition to vacate or set aside judgment of conviction or sentence (Docket No. 6, Attachment 35). On October 15, 2008, Petitioner filed a notice of appeal in the appellate court (Docket No. 6, Attachment 37).

4

In his merit brief filed on October 27, 2008, Petitioner asserted a single assignment of error:

> Petitioner's conviction for aggravated robbery and kidnaping should be vacated because the indictment failed to charge the *mens rea* required for each of these crimes and therefore rendered the indictment defective and created a plain error that warranted reversal.

(Docket No. 6, Attachment 38, p. 3 of 17).

On June 25, 2009, the court of appeals released its decision affirming the judgment, overruling the sole assignment of error, denying the motion for delayed post conviction relief and denying the petition to vacate or set aside judgment of conviction (Docket Nos. 6, Attachments 40 & 41). On August 26, 2009, Petitioner filed an application to reopen in the court of appeals (Docket No. 6, Attachment 42). On September 9, 2009, the court of appeals denied the application (Docket Nos. 6, Attachments 44 & 45).

### III. THE PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed the instant federal habeas Petition on June 22, 2011. Petitioner presented six grounds for which he seeks relief:

**GROUND ONE:** The trial court participated in plea negotiation and Petitioner's plea was involuntary.
**GROUND TWO:** The trial court erred in not reviewing the statutory criteria for the charge of failure to comply before sentencing Petitioner, thus denying Petitioner due process of law.
**GROUND THREE:** The trial court erred in finding the robbery *c*ount to be the worse form of the offense, thus denying Petitioner equal protection of law.
**GROUND FOUR:** The trial court committed plain error in not merging the aggravated robbery into the kidnaping charge, thus punishing Petitioner twice for the same offense.
**GROUND FIVE:** The trial court's sentence did not meet the statutory requirements for a maximum sentence and consecutive sentences.
**GROUND SIX:** The trial court committed plain error when the indictment omitted the *mens rea* element.

(Docket No. 1, pp. 5-14 of 20).

**IV. HABEAS JURISDICTION**.

Under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court has jurisdiction to consider a petition for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the grounds that he or she is in custody in violation of the Constitution or laws or treaties of the United States.  *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (emphasis added)).  The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.  *Id*. (*citing Hensley v. Municipal Court*, 93 S. Ct. 1571, 1574-1575 (1973)).

In the instant case, Petitioner was serving his sentence in the North Central Correctional Institution.

Respondent has accepted service of process, filed a response and is holding Petitioner in custody under a judgment and sentence of an Ohio court.

The restraint on Petitioner's liberty is a collateral consequence of his conviction sufficient to satisfy the "in custody" prerequisite to habeas corpus review.  Petitioner is seeking relief from his conviction under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

The Magistrate finds Petitioner meets the prerequisites for habeas jurisdiction and that this Court may address the merits of Petitioner's Writ of Habeas Corpus.

**V. PETITION FOR WRIT OF HABEAS CORPUS STANDARD OF REVIEW**.

When considering a petition for writ of habeas corpus, the district court is bound to apply the provisions of AEDPA in a case where the petitioner files his or her petition after AEDPA's

effective date.  *Pinchon v. Myers*, 615 F.3d 631, 638 (6th Cir. 2010) (*see Woodford v. Garceau*, 123 S. Ct. 1398, 1403 (2003)).  Under AEDPA, a federal court may grant a writ of habeas corpus with respect to a "claim that was adjudicated on the merits in State court proceedings" only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* at 638-639 (*citing* 28 U.S.C. § 2254(d)).

"A state-court decision is contrary to clearly established federal law if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from that precedent."  *Id.* (*citing Joseph v. Coyle*, 469 F.3d 441, 449–450 (6th Cir. 2006) (brackets, citation, and internal quotation marks omitted)).  On the other hand, a state-court decision involves an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," *Id.* (*citing Williams v. Taylor*, 120 S. Ct. 1495, 1520 (2000), or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context," *Id.* (*citing Joseph, supra*, 469 F.3d at 450 (citation omitted)).  This deferential standard of review applies only to claims that were adjudicated on the merits in a state court proceeding.  *Id.* (*citing Nields v. Bradshaw*, 482 F.3d 442, 449 (6th Cir. 2007) (citation and internal quotation marks omitted)).

### VI. PROCEDURAL PREREQUISITES TO HABEAS REVIEW.

Before determining if the Court can reach the merits of the underlying constitutional claims,

7

the Magistrate must consider whether Petitioner's filings comply with the state procedural requirements. Three types of procedural failures may preclude federal review of claims in a habeas corpus petition: the statute of limitations, forfeiture by failure to exhaust, and procedural default.

**A.    STATUTE OF LIMITATIONS**

Petitioner argues that his "conviction was not final until August 14, 2007, when the Ohio Supreme Court declined to hear the merits of his delayed appeal and to accept jurisdiction from the denial of the notice of appeal." (Docket No. 9, pp. 15-16 of 47)  The delayed appeal to the Ohio Supreme Court on September 17, 2007, tolled the finality.  It is Petitioner's contention that the statute was tolled during the pendency of his motion for delayed post conviction relief petition and application to reopen.

Respondent contends that Petitioner's Petition is time barred because there is no statutory or equitable tolling that extends the expiration date.

Since Petitioner filed this Section 2254 habeas after AEDPA's effective date in 1996, the AEDPA governs this Court's consideration of the statute of limitations and its application to the instant Petition.

**1.    THE STATUTE OF LIMITATIONS STANDARD OF REVIEW.**

An individual in state custody has a one year statute of limitations within which to file a habeas corpus petition in federal court. The limitations period runs from the latest of four statutorily prescribed events:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>   made retroactively applicable to cases on collateral review; or
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U. S. C. § 2244(d)(1)(A)- (D) (Thomson Reuters 2011).

The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U. S. C. § 2244(d)(2) (Thomson Reuters 2012). The Supreme Court has defined "properly filed" as when an application for post-conviction or other collateral review is delivered and accepted in compliance with the applicable laws and rules governing filings. *William v. Birkett*, 670 F. 3d 729, 733 (6th Cir. 2012) (*citing Artuz v. Bennett*, 121 S. Ct. 361, 363-365 (2000)).

Under Section 2244(d)(1)(A), final judgment in a criminal case means sentence. *Foster v. Warden, Chillicothe Correctional Institution,* 2012 WL 10345, *2 (S. D. Ohio 2012). The sentence is the judgment. *Id.* (*citing Berman v. United States*, 58 S. Ct. 164, 166 (1937)).

In order to invoke Section 2244(d)(1)(B), the prisoner must show that: (1) he or she was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Moody v. Warden, Southern Ohio Correctional Facility,* 2009 WL 1322571, *1 (S. D. Ohio 2009) (*Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)). Under Section 2244(d)(1)(B), a causal relationship must exist between the unconstitutional state action and being prevented from filing the petition. *Id.* (*citing Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) *cert. denied*, 124 S. Ct. 435 (2003) (*quoting Dunker v. Bissonnette*, 154 F. Supp.2d 95, 105 (D. Mass.2001)).

AEDPA's plain text of Section 2244(d)(1)(C) provides an extended limitation period following certain developments in the law as a result of Supreme Court decisions. Under this provision, a claim may be brought within one year from the date on which the constitutional right

asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactive. *Broom v. Strickland,* 579 F. 3d 553, 557 (6th Cir. 2009) *cert. denied*, 130 S. Ct. 636 (2009) (*citing* 28 U. S. C. § 2244(d)(1)(C)).

.	The limitations period under Section 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available." *Cleveland v. Bradshaw*, 760 F. Supp.2d 751, 769 (N. D. Ohio 2011) (*citing Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (*accord Townsend v. Lafler,* 2004 WL 1098757 (6th Cir. 2004) (unreported), *cert. denied*, 125 S. Ct. 884 (2005) *reh'g denied*, 125 S. Ct. 1657)). Rather, the year "begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Id*. (*citing Townsend*, 2004 WL 1098757) (*see also Earls v. Hernandez*, 403 F. Supp.2d 985, 989 (C. D. Cal. 2005) (citing cases)).

  **2. APPLICATION OF THE STATUTE OF LIMITATIONS TO THE INSTANT CASE.**

Petitioner does not argue or demonstrate that he was prevented from filing a petition by State action or that there exists a constitutional right newly recognized by the Supreme Court. Neither has Petitioner presented evidence that a factual predicate of the claim nor claims presented could have been discovered through the exercise of due diligence. In this case, the AEDPA Section 2244(d)(1)(A) is applicable in determining when the statute of limitations commenced.

Petitioner was sentenced on April 12, 2001. The court of appeals affirmed his conviction and sentence on February 19, 2002. Petitioner's one year statute of limitations commenced forty-five days later when the time to perfect an appeal in the Supreme Court of Ohio expired on April 5, 2002. Without tolling, either statutory or equitable, the one year statute of limitations expired on April 5, 2003.

Because Petitioner's habeas corpus Petition was filed on June 22, 2011, it is time barred

unless he can establish equitable or statutory tolling of the one year statute of limitations.

###     3.     EQUITABLE TOLLING STANDARD OF REVIEW.

Typically, equitable tolling applies only when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (*citing Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-561 (6th Cir. 2000)). The Supreme Court recently held that the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases." *Id.* (*citing Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010)). However, the doctrine of equitable tolling is used sparingly by federal courts. *Id.* at 784 (*see Graham-Humphreys*, 209 F.3d at 560). The party seeking equitable tolling bears the burden of proving he or she is entitled to it. *Id.* (*see Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). A habeas petitioner is entitled to equitable tolling only if he or she can make a two-part showing: (1) he or she has pursued his or her rights diligently; and (2) some extraordinary circumstance prevented timely filing. *Id.* (*citing Holland*, 130 S. Ct. at 2562). The propriety of equitable tolling must necessarily be determined on a case-by-case basis. *Graham-Humphreys*, 209 F. 3d 552 at 561.

###     4.     APPLICATION OF THE EQUITABLE TOLLING STANDARD TO THE INSTANT CASE.

Petitioner does not deny his habeas petition was untimely filed. Neither does he make a persuasive argument for equitable tolling. In fact, there is no evidence that Petitioner meets the first prong of the two-part showing. Once he presented his appeal to the court of appeals, Petitioner failed to exhaust his rights by presenting them to the Supreme Court of Ohio. In fact, Petitioner made no further inquiries or attempted to seek judicial relief until three years had elapsed. Seven years elapsed before he attempted to enforce the rights to habeas relief. The Magistrate finds that Petitioner failed to act with requisite diligence in pursuit of his rights.

The Magistrate is further persuaded that no extraordinary circumstances prevented Petitioner from timely filing of the Petition for seven years.  After the statute elapsed, Petitioner diligently pursued his rights to be heard by filing motions for delayed appeal and then appealing their denials to the Supreme Court of Ohio.  Petitioner has demonstrated repeatedly that he has access to legal resources or legal knowledge required to determine the date when direct review concluded and the limitations period began to run.  There is no evidence of a causal relationship between extraordinary circumstances outside of Petitioner's control and his inability to timely file the Petition for Writ of Habeas Corpus.

Since Petitioner cannot make the requisite two-part showing on which a claim of equitable tolling could rest and the lateness of the filing of his Petition for Writ of Habeas Corpus would be excused, the statute of limitations in this case is not extended for seven years beyond the one year limitation period.  Therefore, Petitioner's claim persists only if statutorily tolled.

     **5.**    **STATUTORY TOLLING STANDARD OF REVIEW.**

Under Section 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted against the one-year period.  *Otto v. Warden, Hocking Correctional Facility,* 2010 WL 2991580, *1 (N. D. Ohio 2010).  AEDPA's statutory tolling provision does not revive the limitations period but it does serve to pause a clock that has not yet fully expired.  *Freeman v. Gamsheimer,* 2010 WL 4568760 *5 (N. D. Ohio 2010).  Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Id.* (*citing Vroman v. Brigano*, 346 F. 3d 598, 602 (6th Cir. 2003) (citation omitted).

     **6.**    **APPLICATION OF THE STATUTORY TOLLING STANDARD TO THE INSTANT CASE.**

The court of appeals concluded its review and entered an order affirming the conviction and

sentence on February 19, 2002. The 45-day time period within which to perfect an appeal in the Supreme Court of Ohio expired on April 5, 2002. Petitioner did not present his claim to the Supreme Court of Ohio within the prescribed 45 days.

    However, during the pendency of the 45 days, Petitioner filed a motion for reconsideration and the court of appeals rendered its decision. The two days during which the motion was considered does not toll the statute as it was pending simultaneously with the 45 days apportioned for filing an appeal in the Supreme Court of Ohio.

    When the 45 days for filing an appeal in the Supreme Court of Ohio expired on April 5, 2002, the statute began to run for a period of 161 days. The clock was paused on September 13, 2002 when Petitioner filed a motion for withdrawal of plea. From September 13, 2002, the statute was tolled until the court of appeals rendered its decision on October 30, 2003 and then tolled an additional 45 days within which time Petitioner could file an appeal with the Supreme Court of Ohio. Since Petitioner did not file an appeal in the Supreme Court of Ohio, the statute commenced running again on December 15, 2003.

    While the statute of limitations clock was paused, Petitioner filed a motion for delayed appeal in the Supreme Court on November 6, 2003. The Supreme Court of Ohio denied the motion for delayed appeal and dismissed the case on December 10, 2003. This time does not affect the tolled time as it was resolved during the pendency of the 45 days apportioned for filing an appeal in the Supreme Court of Ohio which expired on December 15, 2003.

    The statute commenced running again on December 15, 2003. The statute expired 264 days later on July 7, 2004. Once the limitations period expired, Petitioner filed several state collateral review proceedings beginning on December 10, 2006. Such pleadings cannot serve to avoid the

13

statute of limitations because the statute had already expired in 2004. Even with the benefit of statutory tolling, the instant Petition is barred from habeas review as it is untimely filed.

In summary, Petitioner failed to present convincing evidence that he diligently pursued his rights prior to the expiration of the statute of limitations. Additionally, Petitioner failed to establish that extraordinary circumstances beyond his control prevented him from timely filing the request for habeas relief. Petitioner is not entitled to equitable or statutory tolling to excuse the untimely filing of his Petition.

Because Petitioner's Petition is barred from habeas review, the Magistrate declines to address Respondent's alternate argument that Petitioner's claims are procedurally defaulted and Petitioner's claim that he had good cause for the default.

### IX. CONCLUSION

For these reasons the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: April 27, 2012

### VIII. NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the Local Rules for Northern District of Ohio, any party may object to this report and recommendations within fourteen (14) days after being served

with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.