UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL GATSON, | ) | CASE NO. 1:11CV1287 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD SHELDON, WARDEN, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on Petitioner's objections to the Magistrate Judge's Report and Recommendation filed on April 27, 2012. (Doc. 10). For the following reasons, Petitioner's objections are DENIED, and the Court ADOPTS the Magistrate Judge's Report. (Doc. 10).

I.     STANDARD OF REVIEW

If a party files written objections to a magistrate judge's report and recommendation a judge must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objections are made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1).

II.     FACTS

On April 12, 2001, Petitioner was sentenced after pleading guilty to aggravated robbery, kidnapping, theft, and failure to comply with order or signal of a police officer. (Docket No. 6, Attachment 2, pp. 1-4). The court of appeals affirmed the conviction and sentence on February

1

19, 2002. (Docket No. 6, Attachment 8). Petitioner filed a motion for reconsideration in the court of appeals on March 19, 2002. (Docket No. 6, Attachment 9). The court of appeals denied the motion for reconsideration on March 21, 2002. (Docket No. 6, Attachment 10).

Petitioner filed a motion for withdrawal of plea on September 13, 2002. (Docket No. 6, Attachment 14). On February 18, 2003, the trial court denied the motion for withdrawal of plea and granted the State's motion to dismiss Petitioner's motion for withdrawal of plea. (Docket No. 6, Attachment 17). Petitioner appealed the denial on March 17, 2003. (Docket No. 6, Attachment 19). The court of appeals affirmed the conviction on October 20, 2003. (Docket No. 6, Attachments 22 & 23). Petitioner filed a motion for delayed appeal on November 6, 2003. The Supreme Court of Ohio denied the motion for delayed appeal and dismissed the case on December 10, 2003. (Docket No. 6, Attachments 12 & 13).

Petitioner filed an application to reopen appeal on December 10, 2006. (Docket No. 6, Attachment 29). On December 11, 2006, Petitioner filed an "application for delay reopening of appeal." (Docket No. 6, Attachment 32). Petitioner filed both a notice of appeal and a motion for delayed appeal in the Supreme Court of Ohio on August 14, 2007. (Docket No. 6, Attachments 25 & 26). The Supreme Court of Ohio denied the appeal and the motion for delayed appeal and dismissed the case on September 26, 2007. (Docket No. 6, Attachments 24 & 27).

Petitioner filed a delayed post conviction relief petition on July 31, 2008. (Docket No. 6-33). On August 14, 2008, the State of Ohio filed a motion for summary judgment. (Docket No. 6, Attachment 34). On October 1, 2008, the court denied Petitioner's motion for delayed post conviction relief and petition to vacate or set aside judgment of conviction or sentence. (Docket No. 6, Attachment 35). On October 15, 2008, Petitioner filed a notice of appeal in the appellate

court. (Docket No. 6, Attachment 37). On October 27, 2008, Petitioner filed his merit brief. (Docket No. 6, Attachment 38).

On June 25, 2009, the court of appeals released its decision affirming the judgment, denying the motion for delayed post conviction relief and denying the petition to vacate or set aside judgment of conviction (Docket No. 6, Attachments 40 & 41). On August 26, 2009, Petitioner filed an application to reopen in the court of appeals. (Docket No. 6, Attachment 42). On September 9, 2009, the court of appeals denied the application (Docket No. 6, Attachments 44 & 45).

Petitioner filed the instant federal habeas petition on June 22, 2011. Petitioner presented six grounds for which he seeks relief:

**GROUND ONE:** The trial court participated in plea negotiation and Petitioner's plea was involuntary.
**GROUND TWO:** The trial court erred in not reviewing the statutory criteria for the charge of failure to comply before sentencing Petitioner, thus denying Petitioner due process of law.
**GROUND THREE:** The trial court erred in finding the robbery count to be the worse form of the offense, thus denying Petitioner equal protection of law.
**GROUND FOUR:** The trial court committed plain error in not merging the aggravated robbery into kidnapping charge, thus punishing Petitioner twice for the same offense.
**GROUND FIVE:** The trial court's sentence did not meet the statutory requirements for a maximum sentence and consecutive sentences.
**GROUND SIX:** The trial court committed plain error when the indictment omitted the *mens rea* element.

(Docket No. 1, pp. 5-14). The magistrate judge recommends the dismissal of the petition due to the statute of limitations barring each ground presented by the Petitioner.

**III.   LAW AND ANALYSIS**

Petitioner objects to the magistrate judge's conclusion that the statute of limitations bars the instant petition. Petitioner argues his "conviction was not final until August 14, 2007, when the Ohio Supreme Court declined to hear the merits of his delayed appeal and to accept jurisdiction from the denial of the notice of appeal." (Docket No. 9, pp. 15-16 of 47).

**A.      The Statute of Limitations Standard of Review**

Under provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court has jurisdiction to consider a petitioner for a writ of habeas corpus only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States. *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002) (*citing* 28 U.S.C. § 2254 (emphasis added)). Since Petitioner filed this § 2254 habeas after AEDPA's effective date in 1996, the AEDPA governs this Court's consideration of the statute of limitations and its application to the instant petition.

According to the AEDPA, an individual in state custody has a one year statute of limitations within which to file a habeas corpus petition in federal court. The limitations period runs from the latest of four statutorily prescribed events:

- (A)    the date on which the judgment became final by the conclusion of direct review the expiration of the time for seeking such review;

- (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (Thomson Reuters 2011).

Under § 2244(d)(1)(A), final judgment in a criminal case means sentence. *Foster v. Warden, Chillcothe Correctional Institution*, 2012 WL 10345, *2 (S.D. Ohio 2012). The sentence is the judgment. *Id.* (*citing Berman v. United States*, 58 S. Ct. 164, 166 (1937)).

In order to invoke § 2244(d)(1)(B), the prisoner must show: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. *Moody v. Warden, Southern Ohio Correctional Facility*, 2009 WL 1322571, *1 (S.D. Ohio 2009) (*citing Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)). Under § 2244(d)(1)(B), a casual relationship must exist between the unconstitutional state action and being prevented from filing the petition. *Id.* (*citing Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) *cert. denied*, 124 S. Ct. 435 (2003) (*quotin Dunker v. Bissonnette*, 15 F. Supp.2d 95, 105 (D. Mass. 2001)).

AEDPA's plain text of § 2244(d)(1)(C) provides an extended limitation period following certain developments in the law as a result of Supreme Court decisions. Under this provision, a Petitioner may bring a claim within one year from the date on which the Supreme Court initially recognized the newly recognized right and made it retroactive. *Broom v. Strickland*, 579 F.3d 553, 557 (6th Cir. 2009) *cert. denied*, 130 S. Ct. 636 (2009) (*citing* 28 U.S.C. § 2244(d)(1)(C)).

The limitations period under § 2244(d)(1)(D) does not begin "when a prisoner actually understands what legal theories are available." *Cleveland v. Bradshaw*, 760 F. Supp.2d 751, 769 (N.D. Ohio 2011) (*citing Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (*accord Townsend v. Lafler*, 2004 WL 1098757 (6th Cir. 2004 (unreported), *cert. denied*, 125 S. Ct. 884 (2005) *reh'g denied*, 125 S. Ct. 1657)). Rather, the year "begins when the prisoner knows, or through

5

diligence could discover, the important facts..” *Id.* (*citing Townsend*, 2004 WL 1098757) (*see also Earls v. Hernandez*, 403 F. Supp.2d 985, 989 (C.D. Cal. 2005) (citing cases)).

**B.     Application of the Statute of Limitations to the Instant Case**

Petitioner failed to invoke § 2244(d)(1)(B). Petitioner claims "the State of Ohio created [an] impediment of inadequate access to inmate law libraries." (Petitioner's Objection to Magistrate's Report and Recommendation, 1). However, "limited access to [a] prison law library does not constitute a state created impediment under 28 U.S.C. § 2244(d)(1)(B)." *Maclin v. Robinson*, 74 Fed.Appx. 587, unpublished, 2003 WL 22089274 (6th Cir. September 8, 2003).

Additionally, Petitioner asserts the State "created the impediment of the Ohio State Public Defender waiting two years to answer Petitioner's inquiry into assistance in appealing the denial of his Crim. R. 32.1 Motion to Withdraw his Guilty Plea." (Petitioner's Objection to Magistrate's Report and Recommendation, 1). But, "any actions by the Ohio Public Defender's Office, which has never represented petitioner in these proceedings, simply did not rise to the level of a State-created impediment within the meaning of 28 U.S.C. § 2244(d)(1)(B)." *Horton v. Warden*, 2008 WL 687136, at *3 (S.D. Ohio March 11, 2008). Since no State created impediments existed, this Court cannot apply § 2244(d)(1)(B).

Moreover, Petitioner does not argue that a newly recognized constitutional right exists, and accordingly, cannot invoke § 2244(d)(1)(C). Finally, Petitioner cannot utilize § 2244(d)(1)(D). Petitioner claims Respondent is "mistaken in asserting that section 2244(d)(1)(D) is not demonstrated because the factual predicates for many of these claims were made after July 19, 2004." (Petitioner's Objection to Magistrate's Report and Recommendation, 1). The

Petitioner alleges that the denial of access to inmate law libraries and the delay by the Ohio State Public Defender did not occur until after July 19, 2004. (Petitioner's Objection to Magistrate's Report and Recommendation, 1). However, denial of access to inmate law libraries or the delay by the Ohio State Public Defender do not qualify as factual predicates of the claims. They have no relevance to the underlying claims. The factual predicates of the claims occurred on April 12, 2001, the date of Petitioner's sentencing. Thus, this Court cannot apply § 2244(d)(1)(D).

Accordingly, this Court will apply § 2244(d)(1)(A) to determine when the statute of limitations commenced. Petitioner was sentenced on April 12, 2001. The court of appeals affirmed his conviction and sentence on February 19, 2002. Petitioner's one year statute of limitations commenced forty-five days later when the time to perfect an appeal in the Supreme Court of Ohio expired on April 5, 2002. Without tolling, either statutory or equitable, the one year state of limitations expired on April 5, 2003. Because Petitioner filed his habeas corpus petition on June 22, 2011, the petition is time barred unless Petitioner established equitable tolling of the one year statute of limitations.

**C.  Equitable Tolling**

Typically, equitable tolling applies only when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (*citing Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-561 (6th Cir. 2000)). The Supreme Court recently held that the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases." *Id.* (*citing Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010)). However, federal court used the doctrine of equitable tolling sparingly. *Id.* at 784 (*see Graham-Humphreys*,

7

209 F.3d at 560). The party seeking equitable tolling bears the burden of proving he is entitled to it. *Id.* (*see Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). A habeas petitioner is entitled to equitable tolling only if he can make a two-part showing: (1) he has pursued his rights diligently; and (2) some extraordinary circumstances prevented timely filing. *Id.* (*citing Holland*, 130 S. Ct. at 2562).

Petitioner fails to meet the first prong of the two-part showing. Once he presented his appeal to the court of appeals, Petitioner failed to exhaust his rights by presenting them to the Supreme Court of Ohio. Petitioner made no further inquiries or attempted to seek judicial relief until three years had elapsed. Seven years elapsed before he attempted to enforce the rights to habeas relief. Petitioner failed to act with requisite diligence in pursuit of his rights.

Furthermore, no extraordinary circumstances prevented Petitioner from timely filing of the Petition for seven years. No evidence exists to suggest that the Ohio Public Defender's Office prevented Petitioner from filing a timely habeas corpus petition. *Horton v. Warden*, 2008 WL 687136, at *3 (S.D. Ohio March 11, 2008). Similarly, the record does not support Petitioner's allegation that his inadequate or limited access to legal materials either prevented him from timely filing his habeas corpus petition or constitutes ground for equitable tolling of the state of limitations in this case. *Id.* After the statute elapsed, Petitioner diligently pursued his right to be heard by filing motions for delayed appeal and then appealing their denials to the Supreme Court of Ohio. Petitioner has demonstrated repeatedly his access to legal resources or legal knowledge required to determine the date when direct review concluded and when the limitations period began to run.

Since Petitioner cannot successfully establish an equitable tolling claim, the Court will not extend the statute of limitations for seven years beyond the one year limitation period. Therefore, Petitioner's claim persists only if statutorily tolled.

**D.     Statutory Tolling**

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted against the one year period. *Otto v. Warden, Hocking Correctional Facility*, 2010 WL 2991580, *1 (N.D. Ohio 2010). AEDPA's statutory tolling provision does not revive the limitations period, but it does serve to pause a clock that has not yet fully expired. *Freeman v. Gamsheimer*, 2010 WL 4568760, *5 (N.D. Ohio 2010). Once the limitations period has expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.* (*citing Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

The court of appeals concluded its review and entered an order affirming the conviction and sentence on February 19, 2002. The 45-day time period within which to perfect an appeal in the Supreme Court of Ohio expired on April 5, 2002. Petitioner did not present his claim to the Supreme Court of Ohio within the prescribed 45 days.

However, during the pendency of the 45 days, Petitioner filed a motion for reconsideration and the court of appeals rendered its decision. The two days during which the court considered the motion does not toll the statute as it was pending simultaneously with the 45 days apportioned for filing an appeal in the Supreme Court of Ohio.

When the 45 days for filing an appeal in the Supreme Court of Ohio expired on April 5, 2002, the statute began to run for a period of 161 days. The clock paused on September 13, 2002 when Petitioner filed a motion for withdrawal of plea. From September 13, 2002, the statute tolled until the court of appeal rendered its decision on October 30, 2003. Then, the statute tolled an additional 45 days within which time Petitioner could file an appeal with the Supreme Court of Ohio. Since Petitioner did not file an appeal in the Supreme Court of Ohio, the statute commenced running again on December 15, 2003.

While the statute of limitations clock paused, Petitioner filed a motion for delayed appeal in the Supreme Court on November 6, 2003. The Supreme Court of Ohio denied the motion for delayed appeal and dismissed the case on December 10, 2003. This time does not affect the tolled time as it was resolved during the pendency of the 45 days apportioned for filing an appeal in the Supreme Court of Ohio, which expired on December 15, 2003.

The statute commenced running again on December 15, 2003. The statute expired 264 days later on July 7, 2004. Once the limitations period expired, Petitioner filed several state collateral review proceedings beginning on December 10, 2006. Such pleadings cannot serve to avoid the statute of limitations because the statute had already expired in 2004. Even with the benefit of statutory tolling, the instant Petition is barred from habeas review as it is untimely filed.

In summary, Petitioner failed to present convincing evidence that he diligently pursued his rights prior to the expiration of the statute of limitations. Additionally, Petitioner failed to establish extraordinary circumstances beyond his control prevented him from timely filing the

request for habeas relief. Petitioner is not entitled to equitable or statutory tolling to excuse the untimely filing of his Petition.

Because Petitioner's Petition is barred from habeas review, this Court will not address Respondent's alternate argument that Petitioner's claims are procedurally defaulted and Petitioner's claim that he had good cause for the default.

## IV. CONCLUSION

For the reasons set forth herein, this Court denies the Petition for Writ of Habeas Corpus. The Court ADOPTS the Report and Recommendation of Magistrate Judge Vernelis K. Armstrong in full, and Petitioner's Writ for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: July 3, 2012        /s/John R. Adams
      **JOHN R. ADAMS**
      **UNITED STATES DISTRICT JUDGE**